# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PAULA MAY GLADYS DOUGLAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF STATE,<br><br>　　　　Defendants. | CASE NO. C10-1732 MJP<br><br>ORDER DISMISSING THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

This comes before the Court on Plaintiff's response to the Court's ORDER TO SHOW CAUSE. (Dkt. No. 29.) Having reviewed Plaintiff's response and Plaintiff's subsequent letter for recusal (Dkt. No. 36), the Court DISMISSES Plaintiff's claim for lack of subject matter jurisdiction.

**Discussion**

Plaintiff Paula Douglas ("Douglas") is suing Defendants for failing to provide her with a I-551 visa stamp and/or Social Security Number ("SSN"). Douglas needs the stamp and/or SSN in order to apply for Federal Assistance for Student Aid ("FAFSA") with the United States. As

alleged, Douglas is a citizen of the United Kingdom but would like to apply to study law in Australia. While the Court is unclear why Douglas seeks to apply for FAFSA in the United States when she seeks to study in Australia, the Court will not question Douglas's reasons for the relief sought. The Court, however, observes it lacks jurisdiction over her Complaint.

1. <u>Subject Matter Jurisdiction</u>

Plaintiff argues the Court has subject matter jurisdiction because "no section in the INA [ ] prohibits litigation against the US States or Agencies." The Court finds Plaintiff's argument fails.

Unlike state courts, which are usually courts of general jurisdiction, federal courts are courts of limited subject matter jurisdiction. <u>See</u> Charles Alan Wright, Arthur R. Miller, et al., 13 Federal Practice and Procedure § 3522 (3d ed.) (collecting cases). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. <u>Id.</u> In general, federal jurisdiction exists when either (1) a claim arises under the Constitution and laws of the United States or (2) suits arise between citizens of different states and the amount in controversy exceeds $75,000. <u>See</u> Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other non-exhaustive categories of subject matter jurisdiction); <u>see also</u> 28 U.S.C. §§ 1331, 1332. If a federal court determines it lacks subject matter jurisdiction at any time during a dispute, that court must dismiss the action. <u>See</u> Fed. R. Civ. P. 12(h)(3); <u>Rosales v. United States</u>, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

Here, Plaintiff's complaint states, "Your honorable court has jurisdiction to hear this complaint, pursuant to your court's civil procedure rules, Title 7 42 U.S.C., and Title 8 C.F.R." Since the complaint refers to entire chapters or titles of the U.S. Code, not a federal law recognizing jurisdiction, the Court ordered Plaintiff to show cause regarding subject matter

jurisdiction. In response, Plaintiff cites 8 U.S.C. 1329, which recognizes jurisdiction for immigration actions brought <u>by</u> the United States. However, the provision does not confer jurisdiction for suits <u>against</u> the United States or its agencies or officers. See 8 U.S.C. § 1329 ("The district courts . . . shall have jurisdiction of all causes, civil and criminal, brought by the United States that arise under the provisions of this subchapter. . . Nothing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers."); <u>see also</u> <u>Sabhari v. Reno</u>, 197 F.3d 938, 941 (8th Cir. 1999).

Since the Court lacks subject matter jurisdiction to review Defendants' decision not to grant Plaintiff a visa stamp and/or SSN, the Court DISMISSES claim.

2. <u>Letter of Concern or Complaint</u>

Douglas also filed a letter of complaint, addressed to Chief Judge Robert Lasnik, arguing her complaint was negligently or inappropriately administered. Although Plaintiff's request is unclear, the Court interprets the letter as a request that the Honorable Marsha J. Pechman to recuse herself from this case under 28 U.S.C. § 144 and 28 U.S.C. § 455.

A federal judge may recuse herself in two circumstances. First, a party may bring a motion for recusal when supported by a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party." 28 U.S.C. § 144. Second, a judge may disqualify herself on the Court's own motion "in any proceeding in which impartiality might reasonably be questioned." 28 U.S.C. § 455; <u>see also</u> <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993).

Here, Plaintiff makes no allegation that the Court has any personal bias or prejudice against him or in favor of the adverse parties. Douglas essentially disagrees with the Court's decision to deny her motions for default judgment and her motion to appoint counsel. An

adverse legal ruling does not imply that a judge is biased. See United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Since there is no objectively reasonable question of this Court's impartiality, Plaintiff's motion for recusal is hereby DENIED.

To the extent Plaintiff wishes to submit a formal complaint of judicial misconduct, Plaintiff is directed to the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364 and the Ninth Circuit's Rules for Judicial-Conduct and Judicial-Disability Proceedings. Plaintiff is advised, however, that the Chief Judge or Judicial Council will not take action in the underlying case. In other words, the misconduct procedure will not vacate an underlying order. See In re Complaint of Judicial Misconduct, 567 F.3d 429 (9th Cir. Jud. Council 2009).

**Conclusion**

The Court DISMISSES Plaintiff's claim for lack of subject matter jurisdiction and DENIES Plaintiff's request for recusal. This is a final order that may be appealed to the Ninth Circuit Court of Appeals.

The Clerk is directed to mail a copy of this Order to Plaintiff.

Dated this 8th day of June, 2011.

Marsha J. Pechman
United States District Judge